IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **VIRNETX INC and SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,**　§§§<br>　§<br>**Plaintiffs,**　§<br>　§<br>v.　§<br>　§<br>**APPLE, INC.,**　§<br>　§<br>**Defendant.**　§<br>　§ | Case No. 1:13-mc-91173-DPW<br><br>C.A. Nos. 6:11-cv-563 and 6:12-cv-855<br>(Pending in the Eastern District of Texas)<br><br><u>**Leave to File Granted on 12/6/13**</u> |

**VIRNETX, INC.'S**
<u>**RESPONSE IN OPPOSITION TO SUNSTEIN'S SUPPLEMENTAL BRIEFING**</u>

**I.      INTRODUCTION**

Sunstein, Kann, Murphy & Timbers, LLP and two of its partners, Robert M. Asher and Jeffrey T. Klayman (collectively "Sunstein") now withdraw their Motion to Stay as part of continued efforts to avoid responding to VirnetX, Inc.'s ("VirnetX") proper discovery. Sunstein's attempts to avoid VirnetX's discovery have been based on continually shifting positions. Where Sunstein had once argued that VirnetX sought discovery for improper use in New Bay Capital LLC's ("New Bay") petitions for inter partes review ("IPR Proceedings"), now that the Patent Trials and Appeal Board ("PTAB") has issued final written decisions regarding the IPR Proceedings, Sunstein argues that the discovery is irrelevant based on its own self-serving and conclusory arguments. This blatant manipulation should not be allowed. VirnetX's discovery remains relevant to the district court litigation because it seeks to determine the real party in interest behind the IPR Proceedings, who is now estopped from challenging the validity of VirnetX patents-in-issue.

1

Furthermore, the question of district court estoppel need not be determined until after VirnetX discovers the identity of the real party in interest through enforcement of its subpoenas. Because this identical estoppel question is now pending in the federal District Courts of Massachusetts, Delaware, and the Eastern District of Texas (following transfer from Florida), the most just and efficient result is to grant VirnetX's Motion to Transfer (Dkt. No. 8) and transfer this entire dispute to the Eastern District of Texas—where the estoppel in question will take effect. In the alternative, however, because Sunstein's Motion to Quash is without merit, this Court should deny the motion and allow VirnetX to enforce its subpoenas in this District.

**II.     ARGUMENT**

**A.  VirnetX Does Not Oppose Sunstein's Withdrawal of its Motion to Stay.**

VirnetX does not oppose Sunstein's withdrawal of its Motion to Stay. VirnetX does, however, disagree with Sunstein as to how the conclusion of the IPR Proceedings and subsequent withdrawal affects the outcome of this case. As discussed in greater detail below, all of the grounds for transfer raised in VirnetX's Motion to Transfer remain applicable and the discovery remains relevant.

**B.  The PTAB Does Not Need to Institute An Inter Partes Review in Order to Reach a Final Written Decision.**

Sunstein's entire argument is based on the flawed premise that "a final written decision under Section 318(a) can only issue in those proceedings in which an inter partes review has been instituted." Dkt. No. 33 at 7 (internal citation omitted). The statute cited by Sunstein does not require that an inter partes review be instituted in order for there to be a final written decision. In fact, the relationship between a final written decision and the institution of the inter partes review goes the other direction: the PTAB is required to issue a final written decision if an

inter partes review is instituted and carried to completion, but institution of the proceedings is not required in order for the PTAB to issue a final written decision.  35 U.S.C. § 318(a).

This interpretation of the statute is borne out by the PTAB's own decisions.  In *UKing Universe, Inc. v. Chang-Kang Chu*, the PTAB issued a final decision in a case in which the inter partes review was never instituted.  See attached as Exhibit 1, Case IPR2013-00212, Paper No. 9. Although that case was decided against the patent owner, it is similar to the case at hand because the patent owner in *UKing v. Chang-Kang Chu* abandoned the proceeding, much like New Bay abandoned its efforts in seeking inter partes review.  *Id.*  Clearly, it is not the case that the PTAB is required to institute an inter partes review in order to reach a final written decision, and that is particularly true where one side has abandoned its efforts in the case.

Sunstein's argument, therefore, that the PTAB cannot issue a final written decision under 35 U.S.C. § 318(a) before an inter partes review is instituted, is inaccurate and should not be given weight.  Accordingly, this Court should give no weight to Sunstein's Supplemental Briefing and grant VirnetX's Motion to Transfer these proceedings to the Eastern District of Texas or, in the alternative, deny Sunstein's Motion to Quash and immediately allow VirnetX to proceed with its discovery.

### C. This Dispute Should Be Transferred to the Eastern District of Texas.

On November 19, 2013, the Southern District of Florida, presiding over a related case, transferred that case to Judge Davis in the Eastern District of Texas.  *See* Dkt. No. 30-1. Transfer of this case would greatly reduce the strain on judicial resources as well as reduce the chance for conflicting decisions and disparate results.  Further, now that one case has been transferred to the Eastern District of Texas, this Court can be certain that "[a] transfer will serve both interests of time and a just result."  *Bank of Texas v. Computer Statistics, Inc.*, 60 F.R.D. 43,

46 (S.D. Tex. 1973).  Transfer would allow a single judge to rule on all of the related issues, and reach a decision that will apply uniformly to all parties involved.  It would be "most fair to the parties and conducive to the goal of uniformity for [the Eastern District of Texas] to resolve the discovery motions . . . [rather than allowing] various jurisdictions [to reach independent decisions]."  *In re Subpoena of American Nurses Ass'n*, 788 F. Supp. 2d 444, 447 (D. Md. 2011).  Accordingly, because transfer would be the most just and efficient result, this Court should grant VirnetX's Motion to Transfer.

Further, whether estoppel applies under 35 U.S.C. § 315(e) in light of New Bay's abandonment of the IPR Proceedings will ultimately affect the underlying litigation, ongoing in the Eastern District of Texas.  To the extent this question even needs to be answered before VirnetX can seek its discovery, Chief Judge Davis is intimately familiar with the underlying litigation and its factual complexity, and is in a unique position to most efficiently rule on this question.  This question does not need to be answered more than once and the Southern District of Florida's transfer of related subpoenas back to the Eastern District of Texas further supports transfer to Texas.  Thus, this Court should transfer this case to the Eastern District of Texas.

### D.  The Equities in This Case Weigh in Favor of Discovery

As explained in VirnetX's Opposition to Sunstein's Motion to Stay (Dkt. No. 29), it would be inequitable and illogical for New Bay, Eastern Shore Capital, or the real party in interest behind these shell companies to be estopped before the PTAB but allowed to bring similar claims, which have now been waived, before a court.  New Bay was made fully aware of the potential for an estoppel effect by the PTAB in its order allowing New Bay to file its motions to terminate.  The PTAB stated that "[b]ased on the facts presented . . . New Bay would likely be estopped from challenging the same VirnetX patents before the Office at a later time. . . ."  Dkt.

No 29-5 at 2; *see also* 35 U.S.C. § 325(d). Nowhere in the PTAB's order authorizing New Bay to file its motions to terminate or in the PTAB's orders terminating the IPR Proceedings did the PTAB unequivocally state that estoppel under 35 U.S.C. § 315(e) would not apply. Ultimately, it is the court presiding over the underlying litigation that will determine the scope of this estoppel, and the discovery sought by VirnetX is necessary for that decision to be made.

In fact, the only instances in which § 315(e) entered discussion was by way of New Bay's own self-serving statements that the estoppel provision would not apply.[1] From the outset of this case, Sunstein has taken every step within its means to avoid providing a substantive response to VirnetX's subpoenas. First, Sunstein claimed that VirnetX improperly sought the discovery for use in the IPR Proceedings. Now that VirnetX has shown that Sunstein was incorrect by continuing to seek the discovery after termination of the IPR Proceedings, Sunstein attempts to avoid discovery by relying on its own conclusory assertions that § 315(e) does not apply in order to avoid responding. Sunstein and the shell companies that it represents should not be allowed to hide behind its own statements to now argue—for a reason entirely contradictory to their original assertions—that the discovery sought by VirnetX is irrelevant. Thus, because the equities in this case counsel in favor of discovery, this Court should be transfer this case to the Eastern District of Texas or, in the alternative, deny Sunstein's Motion to Quash and allow VirnetX to proceed with its discovery.

### III. CONCLUSION

---

[1] *See, e.g.*, Dkt. No. 28-1 at 1 ("As for estoppel as set forth in 35 U.S.C. § 315(e), said estoppel does not attach because there will not be a final written decision under 35 U.S.C. § 318(a)."). New Bay should not, and does not, have the authority to self-servingly declare which estoppel provisions apply and which provisions do not.

For the foregoing reasons, VirnetX respectfully requests that this Court grant transfer to the Eastern District of Texas or, in the alternative, deny Sunstein's Motion to Quash and allow VirnetX to proceed with its discovery.

Respectfully submitted,

/s/ Mark D. Donovan
_____
Alexander Furey, BBO #634157
Kevin M. Considine, BBO #542253
Mark D. Donovan, BBO#673243
**CONSIDINE & FUREY, LLP**
One Beacon Street, 23rd Floor
Boston, Massachusetts 02108
(617) 723-7200

Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
1717 McKinney, Suite 700
Dallas, Texas 75202
Telephone: (214) 810-4705

**ATTORNEYS FOR VIRNETX INC**

Dated: December 6, 2013

## **CERTIFICATE OF SERVICE**

  I, Mark D. Donovan, hereby certify that this document entitled *Virnetx, Inc.'s Response in Opposition to Sunstein's Supplemental Briefing*, filed through the ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing and paper copies will be sent by mail to those indicated as non-registered participants.

            /s/ Mark D. Donovan
            _____

Dated: December 6, 2013